

1

2    **Entered on Docket**
     **January 20, 2011**                     Hon. Linda B. Riegle
3                                             United States Bankruptcy Judge

4

5

6

7    KEVIN HAHN, #9821
     MALCOLM ✦ CISNEROS,
8    A Law Corporation
     608 South 8ᵗʰ Street
9    Las Vegas, NV 89101
     (702) 382-1399 (Telephone)
10   (949) 252-1032 (FACSIMILE)
     Kevin@mclaw.org
11

12   Attorneys for Secured Creditor,
     WellsFargo Bank, NA
13

14

15            UNITED STATES BANKRUPTCY COURT

16                  DISTRICT OF NEVADA

17   In re                          )   Bankruptcy Case No. 10-23094-lbr
                                     )
18   HECTOR ALBERTO ECHAGUE          )   Chapter 11
                                     )
19             Debtor.               )   STIPULATION AND ORDER RE:
                                     )   DEBTORS' CHAPTER 11 PLAN OF
20                                   )   REORGINAZATION BY
                                     )   WELLSGARGO BANK, NA.
21                                   )
                                     )   DISCLOSURE STATEMENT
22                                   )   HEARING:
                                     )   Hearing Date:   December 15, 2010
23                                   )   Hearing Time    2:00 P.M.
                                     )
24

25        This Stipulation is entered into by and between Hector Alberto Echague ("Debtor"), by and

26   through his attorney of record, Thomas E. Crowe, and WellsFargo Bank, N.A. ("WellsFargo"), by and

27   through its attorney of record, Kevin Hahn, and is based upon the following facts:

28        The Debtor has an interest in real property commonly known as 3505 Thomas Avenue, N. Las

                                             1

1   Vegas, Nevada ("the Property").  Wells Fargo holds a first deed of trust in the amount of $167,881.22,

2   as provided in the Proof of Claim filed on September 07, 2010.  On or about November 12, 2010,

3   Debtor filed their Disclosure Statement and Plan.

4   IT IS HEREBY STIPULATED:

5       1.      Creditor shall have a secured claim in the amount of at least $97,000.00 (the

6   "Secured Claim") to be amortized over thirty (30) years at the interest rate of 5% per annum.

7       2.      Wells Fargo shall also have a non-priority general unsecured claim in the amount

8   of $70,881.22 ("Unsecured Clam").  Wells Fargo shall receive, in full and final satisfaction of its

9   Unsecured Claim, its pro rata share of the dividend issued to general unsecured creditors.

10      3.      Debtor shall tender regular monthly mortgage payments of $520.72 due on the

11  first of each month and late as of the sixteenth day of each month to Creditor for the Secured Claim

12  commencing as of January 1, 2011, and continuing until December 1, 2041, when all such outstanding

13  amount under the secured claim are to be paid in full. All payments made under this Stipulation will be

14  credited to the outstanding balance due under the Secured Claim.

15      4.      Debtor shall maintain real property taxes and real property hazard insurance paid

16  current for the Subject Property, and provide proof of said insurance to Creditor upon request in a timely

17  basis.

18      5.      Except as otherwise expressly provided herein, all remaining terms of the Note

19  and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

20      6.      The terms of this Stipulation may not be modified, altered, or changed by the

21  Debtor's Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11

22  Plan and confirmation order thereon without the express written consent of the creditor. The terms of

23  this Stipulation shall be incorporated into the Debtor's Chapter 11 Plan and/or subsequently filed

24  Amended Chapter 11 Plan.

25      7.      In the event the Debtors case is dismissed or converted to any other chapter under

26  Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under

27  the Note, all terms on Creditor's claim shall revert to the original terms of the Note and Deed of Trust

28  and the automatic stay shall be terminated without further notice, order, or proceeding of the court.

1        8.        In the event the Debtor sells the Subject Property prior to confirming his Chapter

2   11 Plan, Creditor shall be entitled to proceeds from the sale in an amount not less than the outstanding

3   balance owing under the terms of the Note. If the proposed sale amount for the Property is less than the

4   outstanding balance due and owing under the Note, then Creditor's written consent must be obtained.

5        9.        The valuation of the property is contingent upon Debtors' consummation and

6   completion of his Chapter 11 Plan and Debtors' receipt of a Chapter 11 discharge; and.

7        10.        WellsFargo shall retain its lien for the full amount remaining due under the Note

8   in the event the Debtor fails to confirm and complete the Chapter 11 Plan.

9        11.        In exchange for the foregoing, Creditor accepts the Debtors' Plan.

10

11

12   DATED:        December 28, 2010                    DATED:        December ___, 2010

13

14   _____                            /s/ Kevin Hahn
     Thomas E. Crowe                                  KEVIN HAHN
15   Attorney for Debtor                              Attorney for WellsFargo Bank, N.A.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of January, 2011, I served a true and correct copy of the foregoing **STIPULATION AND ORDER RE:    DEBTORS' CHAPTER 11 PLAN OF REOGANIZATION** by depositing a copy in the United States Mail at Irvine, California, postage fully prepaid, addressed to:

Hector Alberto Echague
2719 Boise Street
Las Vegas, NV 89121

Thomas E. Crowe
2830 S. Jones BLVD #3
Las Vegas, NV 89146

U.S. Trustee –LV -11
300 Las Vegas Blvd. S.
Sutie 4300
Las Vegas, NV 89101


*/s/ Christie Canales*
CHRISTIE CANALES