

Entered on Docket
April 11, 2011

_____
**Hon. Linda B. Riegle**
**United States Bankruptcy Judge**

E FILED ON 4/8/11
THOMAS E. CROWE, ESQ.
THOMAS E. CROWE PROFESSIONAL
LAW CORPORATION
tcrowelaw@yahoo.com
2830 S. Jones Blvd. #3
Las Vegas, Nevada 89146
(702) 794-0373
Attorney for Debtor-in-possession
Nevada State Bar no. 3048

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | BANKRUPTCY NUMBER: |
| | ) | BK-S-10-23094-LBR |
| HECTOR ECHAGUE, | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | Date: 4/6/11 |
| | ) | Time: 2:30 p.m. |

### ORDER CONFIRMING DEBTOR'S  SECOND MODIFIED PLAN OF

### REORGANIZATION

### DATED JANUARY 12, 2011

The Second Modified Plan under Chapter 11 of the Bankruptcy Code filed by Hector

Echague, by and through his attorney, THOMAS E. CROWE, on January 12, 2011, having been

transmitted to creditors and equity security holders; and

It having been determined after hearing on notice that the requirements for confirmation set forth in 11 U.S.C §1129(a) have been satisfied;

IT IS ORDERED that:

The Second Modified Plan filed by Oscar Echague, by and through his attorney, THOMAS E. CROWE, on January 12, 2011, is confirmed  with the sole exception of the provisions of the Stipulation and Order entered into between Debtor and Bayview Loan Servicing, LLC, a copy of which is attached hereto.  A copy of the confirmed Second Modified Plan is attached hereto as well.

Submitted by:

By /s/ THOMAS E CROWE
   THOMAS E. CROWE, ESQ.
   2830 S. Jones Blvd.
   Suite 3
   Las Vegas, Nevada 89146
   Attorney for Debtor-in-possession

   In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

   ___ The court has waived the requirement of approval under LR 9021(b)(1).

    X   No party appeared at the hearing or filed an objection to the motion.

   __ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

   ___I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

                                        ###

GREGORY L. WILDE NV Bar No. 004417
Tiffany & Bosco
212 South Jones Blvd.
Las Vegas, Nevada 89107
Telephone: (702) 258-8200
Fax: (702) 258-8787
glw@tblaw.com
Attorneys for Secured Creditor/Movant
BAYVIEW LOAN SERVICING, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEVADA

In re                                        )
                                             ) BANKRUPTCY CASE NO.:
HECTOR ALBERTO ECHAGUE,                      ) BK-S-10-23094-LBR
                                             ) DATE:  4/6/11
Debtor.                                      ) TIME:  2:30 P.M.
_____         )

STIPULATION AND ORDER RE:
DEBTOR'S CHAPTER 11 PLAN OF
REORGANIZATION

IT IS HEREBY STIPULATED by and between Secured Creditor Bayview Loan

Servicing, LLC ("Secured Creditor", herein), by and through its counsel of record,

Gregory L. Wilde of Tiffany and Bosco, the Debtor, Hector Alberto Echague, through his

attorney of record, Thomas E. Crowe, as follows:

WHEREAS Bayview Loan Servicing LLC filed a Proof of Claim, August 16, 2010 in the

amount of $277,358.62, secured by a first deed of trust holder in the property located at **2212**

**SUNRISE AVENUE, LAS VEGAS, NV 89104**, and legally described as follows:

LOT  NINE (9) IN BLOCK TWO (2) OF MOSS TRACT NO. 5, AS SHOWN BY MAP
THEREOF ON FILE IN BOOK 4 OF PLATS, PAGE 7, IN THE OFFICE OF THE COUNTY
RECORDER OF CLARK COUNTY NEVADA.


"property") herein.

1. Secured Creditor shall have a secured claim of **$150,000.00** to be amortized over thirty

(30) years at the interest rate of 5.25% per annum

2. Secured Creditor shall also have a non-priority general unsecured claim in the amount of **$127,358.62**. Secured Creditor shall receive, in full and final satisfaction of its unsecured claim, its pro rata share of the dividend issued to general unsecured creditors.

3. Debtor shall tender regular monthly post-petition payments of **$828.31** due on the first of each month, and late as of the sixteenth day of each month, to Secured Creditor, commencing May 1, 2011, and continuing until all outstanding amounts due under the secured claim of **$150,000.00** have been paid.

4. All payments must be made payable to Bayview Loan Servicing, LLC and deliverable to 4425 Ponce De Leon Blvd., 5th Floor, Coral Gables, Florida 33146 ATTN: Bankruptcy Department.

5. Debtor shall maintain real property taxes and real property hazard insurance paid current for the subject property, and provide proof of said insurance to Secured Creditor upon request in a timely manner.

6. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Secured Creditor's secured claim.

7. The terms of this Stipulation may not be modified, altered, or changed by the Debtor's Chapter 11 Plan, any confirmation thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without the express written consent of Bayview Loan Servicing, LLC.  The terms of this stipulation shall be incorporated into Debtor's Chapter 11 Plan and/or subsequently filed Chapter 11 Plan.

8. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Secured Creditor shall retain its lien in the full

amount due under the Note, all terms and Secured Creditor's claim shall revert to the original

terms of the Note and Deed of Trust and the automatic stay shall be terminated without further

notice, order, or proceeding of the court.

9. In the event Debtor sells the subject property prior to confirming his Chapter 11 Plan,

Secured Creditor shall be entitled to proceeds from the sale in an amount no less than the

outstanding balance owing under the terms of the Note. If the proposed sale amount for the

property is less than the outstanding balance due and owing under the Note, then Secured

Creditor's written consent must be obtained.

10. The valuation of the property is contingent upon Debtor's consummation and

completion of his Chapter 11 Plan and Debtor's receipt of a Chapter 11 discharge; and

11. Secured Creditor shall retain its lien for the full amount remaining due under the Note

in the event Debtor fails to confirm and complete the Chapter 11 Plan.

12. Movant/ Secured Creditor Bayview Loan Servicing LLC. hereby withdraws its

Motion For Relief from the Automatic Stay, filed with the Court December 30, 2011 as docket

entry number 74, and accepts the Debtor's Plan, as modified by this Stipulation.

DATED: April ____, 2011                               DATED: April ____, 2011

_____              _____
GREGORY L. WILDE                                  THOMAS E. CROWE
Tiffany & Bosco                                   Thomas E. Crowe Professional Law
212 South Jones Blvd. Corporation                 2830 S. Jones Blvd., #3
Las Vegas, Nevada 89107                           Las Vegas, NV  89146
(702) 258-8200                                    (702) 794-0373

E FILED ON 1/12/10
THOMAS E. CROWE, ESQ.
THOMAS E. CROWE PROFESSIONAL
LAW CORPORATION
tcrowelaw@yahoo.com
2830 S. Jones Blvd. #3
Las Vegas, Nevada 89146
(702) 794-0373
Attorney for Debtor-in-possession
Nevada State Bar no. 3048

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | BANKRUPTCY NUMBER: |
| | ) | BK-S-10-23094-LBR |
| HECTOR ECHAGUE, | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | Date: TO BE DETERMINED |
| | ) | Time: |

## DEBTOR'S  SECOND MODIFIED PLAN OF REORGANIZATION

## DATED JANUARY 12, 2011

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of HECTOR ECHAGUE, (the "Debtor") from rents on property (for secured creditors) and other current monthly income.

This Plan provides for 5 classes of secured claims; 1 class of unsecured claims; and 0 classes of equity security holders.  Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 5 cents on the dollar or $60,000.00, whichever is lesser. This Plan also provides for the payment of administrative claims, deferred as necessary to achieve Plan confirmation but paid prior to distribution to unsecured creditors.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**ARTICLE II**
**CLASSIFICATION OF CLAIMS AND INTERESTS**

2.01        Class 1.        Oversecured creditors as listed in Article IV

2.02        Class 2.        The claims of undersecured creditors listed as Class 2
creditors in Article IV, to the extent allowed as a secured claim under §506
of the Code.

2.03        Class 3.        All unsecured claims allowed under §502 of the Code.

2.04        Class 4.        "The interests of the individual Debtor in property of the
estate."

**ARTICLE III**
**TREATMENT OF ADMINISRATIVE EXPENSE CLAIMS,**
**U.S. TRUSTEE FEES, AND PROIRITY TAX CLAIMS**

3.01    Unclassified Claims.  Under section §1123(a)(1), administrative expense claims, and
priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim
allowed under §503 of the Code will be paid in full on the effective date of this Plan (as defined in
Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and
the Debtor.

3.03    Priority Tax Claims. Each holder of a priority tax claim will be paid within 5 years
of assessment.

3.04    United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6)
(U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted
to another chapter on the Code. Any U.S. Trustee fees owed on or before the effective date of this
Plan will be paid on the effective date.

/ / /

/ / /

/ / /

/ / /

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 Oversecured Creditors | Unimpaired | |
| Class 1-A | U.S. Bank<br>2719 Boise Street, Las Vegas, Nevada 89121 | Allowed amount of secured claim per contract. Principal and Interest at contract amount until secured claim is paid in full. Liens to be retained to full amount of secured claim until paid in full. Loan modification under state law is permissible. (Property is Debtor's residence.) |
| Class 2  Under Secured claims | Impaired<br>1st or 2nd mortgages | |
| Class 2-A | Wells Fargo<br>2451 Palora Avenue, Las Vegas, Nevada 89121 | Allowed amount of secured claim: $83,500.00. 4.5% interest paid at $423.08 Principal and Interest per month starting 12/10 through 11/40 or until secured claim is paid in full, whichever is sooner. (Pre-confirmation adequate protection payments credited to principal balance.) Liens to be retained to full amount of secured claim until paid in full. Unsecured portion of claim in the amount of $17,265.54 to be treated under class 3. |
| Class 2-B | Wells Fargo<br>1937 Cindysue Street, Las Vegas, Nevada 89106 | Allowed amount of secured claim: $105,000.00. 4.5% interest paid at $532.02 Principal and Interest per month starting 12/10 through 11/40 or until secured claim is paid in full, whichever is sooner. (Pre-confirmation adequate protection payments credited to principal balance.) Liens to be retained to full amount of secured claim until paid in full. Unsecured portion of claim in the amount of $162,500.00 to be treated under class 3. |
| | Wells Fargo<br>3505 Thomas Avenue, Las | |

| | | |
|---|---|---|
| Class 2-C | Vegas, Nevada 89030<br><br>M & T Bank<br>2212 Sunrise Avenue, Las Vegas, Nevada 89101 | Allowed amount of secured claim: $97,000.00. 5.0% interest paid at $520.72 Principal and Interest per month starting 01/2011 through 12/40 or until secured claim is paid in full, whichever is sooner. (Pre-confirmation adequate protection payments credited to principal balance.) Liens to be retained to full amount of secured claim until paid in full. Unsecured portion of claim in the amount of $70,881.22 to be treated under class 3. |
| Class 2-D | | Allowed amount of secured claim: $128,000.00. 4.5% interest paid at $648.56 Principal and Interest per month starting 12/10 through 11/40 or until secured claim is paid in full, whichever is sooner. (Pre-confirmation adequate protection payments credited to principal balance.) Liens to be retained to full amount of secured claim until paid in full. Unsecured portion of claim in the amount of $149,358.62 to be treated under class 3. |
| Class 3 – General Unsecured Creditors | Impaired | 5% over 60 months or $60,000.00, whichever is lesser |
| Class 4 – Equity Security Holders of the Debtor | N/A | N/A |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; of (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with the court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## MEANS FOR IMPLEMENTATION OF THE PLAN

All rents received for Debtor's properties will be devoted to principal and interest payments to secured creditors, maintenance and repairs for each property, taxes, insurance and management. All other "current monthly income" of Debtor will be utilized to pay unsecured creditors as required by the confirmed Plan over the 60 month disposable income period.

## ARTICLE VII
## GENERAL PROVISIONS

7.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:  N/A.

7.02    Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit of affect the enforceability and operative effect of any other provision of this Plan.

7.04    Binding Effect. The rights and obligations of any entity names or referred to in the Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05    Captions. The headings contained in this Plan are for convenience or reference only and do not affect the meaning or interpretation of this Plan.

7.06    Controlling Effect. Unless a rule of law or procedure in supplies by federal law (including the Code and the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE VIII
## DISCHARGE

8.01.    Discharge. Conformation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in §1141 (d)(5) of the Code. The Debtor will not be discharged from any debt excepted for discharge under §523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

8.02.    Lien avoidance. To the extent any lien is determined as totally unsecured, under this

Plan, said lien shall be avoided in full upon discharge of the Debtor.

DATED this 12th day of January, 2011.


Respectfully submitted.


By:   /s/ HECTOR ECHAGUE
        The Plan Proponent


THOMAS E. CROWE PROFESSION
LAW CORPORATION
 /s/ THOMAS E. CROWE
THOMAS E. CROWE, ESQ.
State Bar No.  3048
2830 S. Jones Blvd. #3
Las Vegas, NV  89146
Attorney for Debtor